**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VIRGILIO ROSALES, | ) | |
| ID # 30865-177, | ) | |
| Movant, | ) | No. 3:14-CV-3922-N (BH) |
| vs. | ) | No. 3:03-CR-0188-N (06) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251,* this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Virgilio Rosales ("Movant"), an inmate in the federal prison system, filed his *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("Mot.") on November 4, 2014. (doc.1.)   The respondent is the United States of America ("Government").

On April 20, 2004, Movant was charged in a superseding indictment with conspiracy to possess with intent to distribute and distribution of more than 5 kilograms of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii).  (*See* doc. 502).[1]  A jury found Movant guilty (doc. 579, at 19),  and he was sentenced to life imprisonment, followed by a ten-year term of supervised release, on September 20, 2004. (doc. 289).

Movant's counsel filed a notice of appeal on September 30, 2004. (doc. 727.) The appeal was

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:03-CR-188-N.

dismissed for want of prosecution on January 12, 2005. *United States v. Rosales*, *et al.*,  No. 04-11200 (5th Cir. Jan. 12, 2005).  Movant did not file a petition for writ of certiorari with the Supreme Court.  His § 2255 motion was received on November 4, 2014.

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  With regard to § 2255(f)(1), Movant's conviction became final on April 12, 2005, when the ninety-day period for filing a petition for writ of certiorari with the Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  Movant does not allege that government action prevented him from filing a § 2255 petition earlier under (f)(2), and he has not

alleged any newly recognized right under (f)(3).

Movant alleges as his sole ground for relief, that his counsel failed to timely file a notice of appeal. (Mot. at 4, 13-14.)  A notice of appeal was timely filed by counsel on September 30, 2004, however. (doc. 727.)  Movant also claims the following:

> Prior to going to trial Mr. Rosales hired and paid attorney Carl E. Gaines, and Mr. Gaines hired Kenneth James Weatherspoon with the money paid by Mr. Rosales.  At sentencing Mr. Rosales told his attorney Kenneth James Weatherspoon to file an appeal because he can't do a LIFE sentence.  Mr. Weatherspoon told Mr. Rosales that that would cost him more money.  Mr. Rosales told his attorney that his family would be taking another payment over to Mr. Gaines office for his services in appealing his sentence and conviction.

> Mr. Rosales contact his family and they took more money over to Carl E. Gaines offices. Mr. Rosales was then pick up by the Texas Department of Corrections. While in their custody he lost contact with Kenneth James Weatherspoon.  He tried to write him several letters to check on the status of his appeal.  Mr. Rosales never received a letter back from attorney Weatherspoon. So Mr. Rosales had his family contact Mr. Gaines and they were told that everything had been taken care of and that his appeal was still pending.

> Fast Forward to 2014.  Mr. Rosales arrives at U.S.P. Beaumont on / / 2-14, and he runs across several friends who tell him that his attorney Carl E. Gaines has been sentenced and found guilty by the Federal Government for Tax Evasion. After reading this information Mr. Rosales then understood why the letters that he had sent out were never returned, and why when he sent out a certified mail letter on 1/28/13, that when it came back saying that that address do not exist [sic].

(Mot. at 14.)

Movant's allegations may be liberally construed as a contention that the limitations period began not on the date his conviction became final, but rather, on the date under which the facts supporting his claims could have been discovered through the exercise of due diligence.  Movant does not actually provide any specific information as to when he discovered that his direct appeal had been dismissed.  He also does not allege any facts showing that he exercised due diligence.  He refers to a letter he sent on January 28, 2013, but he was sentenced in 2004. (Mot. at 14.)  Even

though he may have learned about his attorney's conviction in 2014, he failed to show that he took any action regarding his appeal between that time and the time he was sentenced.   A failure to take any action for several years does not rise to the level of due diligence, and Movant has not shown the applicability of a later limitations start date under § 2255(f)(4).   Accordingly, the one-year statute of limitations began to run from the date his conviction was final on April 12, 2005.   Movant filed his § 2255 motion more than nine years later, so it is untimely.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"   *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).   "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."   *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).   It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."   *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).   In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing.   *Holland v. Florida*,   130 S.Ct. 2549, 2562  (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).   "[E]quity is not intended for those who sleep on their rights."   *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).   Furthermore, Movant bears the burden to show entitlement to equitable tolling.   *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).   Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.   *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant does not argue that he was prevented from timely filing his § 2255 motion, and he has presented no factual evidence to show that he was prevented in some extraordinary way from timely asserting his rights.   Given the number of years that he allowed to pass after his conviction became final, he has failed to establish that he diligently pursued his rights as required by Supreme Court case law.  *See Holland*, 130 S.Ct. at 2562.  Movant has not met his burden to establish circumstances warranting equitable tolling, and his § 2255 motion is untimely.

### III.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 17th day of November, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE